UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL
## JS - 6

| Case No. | CV 08-3950 DSF (VBKx) | Date | 8/11/08 |
|---|---|---|---|
| Title | Lyona Davis v. Candice Rascher, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers)  Order Remanding Action for Lack of Subject Matter Jurisdiction

On June 24, 2008, Plaintiff Lyona Davis filed a "Complaint for Lyona Davis Request the Civil Transfer of # NC 07053 to Federal Jurisdiction and . . . . . . . . . . . the Assignment of the United States District Court Central District Attorney To Represent Lyona Davis" (the "Opening Pleading").  Written above the caption on the first page is "Notice of Removal."  Attached to the pleading are complaints from Los Angeles Superior Court case number NC037053.  The Opening Pleading consists of three sections: (1) a request that the "case be transferred and put on calendar in the United States District Court of the Central District of California," supported with arguments for this Court's jurisdiction (Opening Pleading 1-3); (2) a description of the procedural history and subject matter of the state court action, along with an argument against summary judgment in that action (id. at 3-10); and (3) an argument in favor of reversing an unlawful detainer judgment entered against Davis (id. at 10-12).

It is unclear from the pleading whether Plaintiff seeks merely to remove a state court action or to initiate a new action in federal court.  The Court lacks jurisdiction in either event.

Davis, as the plaintiff in the state court action, cannot remove that action to federal court.  See 28 U.S.C. 1441 ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added))  Thus, the Court lacks removal jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

over the state court action.

Construing the Opening Pleading as a complaint, the only relief Plaintiff seeks is review of a state court judgment.  "[F]ederal district courts have no authority to review the final determinations of a state court in judicial proceedings."  In re Sasson, 424 F.3d 864, 871 (9th Cir. 2005) (quotation omitted).

Accordingly, the Court REMANDS Los Angeles Superior Court Case Number NC037053 to the Superior Court of California, County of Los Angeles[1].

IT IS SO ORDERED.

---

[1] The Court takes this approach to benefit Plaintiff.  It appears she is in a better position if the Court remands the action, allowing her to pursue it in the state court in its present status, than if the Court dismisses it.